United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60926
Summary Calendar
_____

MUHAMMAD ALI HAROON

                    Petitioner

     v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

                    Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 005 394
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Pakistani citizen Muhammad Ali Haroon appeals from the Board
of Immigration Appeals' (BIA) denial of his motion to reopen his
removal proceeding and the denial of his motion to reconsider the
denial of the motion to reopen.  We lack jurisdiction to address
the denial of the motion to reconsider.  See Stone v. INS, 514
U.S. 386, 405 (1995).

     Haroon contends that the BIA erred by denying his motion to
reopen the proceeding in order to address whether the Immigration

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judge (IJ) erred by denying Haroon's request for a continuance because he was eligible to seek adjustment of his status to lawful permanent resident alien, pursuant to 8 U.S.C. § 1255(i). Subsequent to his hearing before the IJ, the Seventh Circuit decided Subhan v. Ashcroft, 383 F.3d 591 (7th Cir. 2004), and Haroon received a labor certification from the Department of Labor, which enabled him to submit an application for an I-140 visa.

We review the BIA's denial of the motion to reopen under the abuse-of-discretion standard, Zhao v. Gonzales, 404 F.3d 295, 302-03 (5th Cir. 2005), and we find no abuse of discretion. We have rejected the analysis of our sister circuit in Subhan. See Ahmed v. Gonzales, 447 F.3d 433, 437-38 (5th Cir. 2006). Because Haroon has not shown that an immigrant visa is immediately available to him, he therefore has not demonstrated that he is eligible to be considered for relief under § 1255(i), see id. at 438, or that his case warranted a continuance. See id. at 439.

PETITION DENIED.